United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER,<br><br>    Petitioner,<br><br>  vs.<br><br>JOHN MARSHALL, Warden,<br><br>    Respondent. | No. C 10-01146 JW (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND; GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*<br><br>(Docket Nos. 2 & 4) |

    Petitioner, a state prisoner incarcerated at the California's Men's Colony in San Luis Obispo, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state conviction. Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 4.)

**BACKGROUND**

    According to the petition and the exhibits thereto, petitioner was found guilty in Santa Clara County Superior Court in 1991 of unlawful sexual intercourse with a minor and forcible rape. (Pet., Ex. E at 1.) Petitioner appealed the sentence, and the state appellate court affirmed the judgment on April 30, 1993. (Id., Ex. I.) Petitioner did not seek review in the state high court. (Pet. at 3.) Petitioner filed two

Order of Dismissal with Leave to Amend; Granting Leave to Proceed IFP
P:\PRO-SE\SJ.JW\HC.10\Walker01146_dwlta&ifp.wpd

habeas petitions in state superior court, which were denied on July 22, 2009, and September 17, 2009. (Id., Exs. 2-1 & 2-4.) The California Court of Appeal denied the petition on October 22, 2009. (Id., Ex. 2.) The state high court denied review on January 13, 2010. (Pet. at 5.)

Petitioner filed the instant federal habeas petition on March 17, 2010.

## DISCUSSION

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B. Legal Claims

It appears from the petition and exhibits thereto that Petitioner is attempting to challenge the constitutionality of his 1991 conviction. Furthermore, by challenging the constitutionality of the 1991 prior conviction, petitioner seeks to invalidate a more recent 2005 conviction which included an enhancement based on the 1991 prior conviction. Petitioner states the following grounds for federal habeas relief: 1) the trial court failed to advise him that a direct consequence of his 1991 conviction would include life time registration as a sex offender; 2) "Petitioner request[s] the withdraw[al] of plea as he would have never ever accepted any such plea if told he would have to register... as a sex offender... for life"; 3) breach of contract as the plea does not state the life time registration requirement; 4) ineffective assistance by trial and appellate counsels; 5) violation of equal protection as "the law requires petitioner be treated equaly [*sic*] as any other person in U.S.

1  whos[e] contract was illegal"; and 6) the prior conviction used to enhance his 2005

2  conviction should be stricken because the 1991 prior conviction was unlawful. (Pet.

3  6-8.)

4        A petitioner generally may not attack the constitutionality of a prior

5  conviction used to enhance a later sentence. "[O]nce a state conviction is no longer

6  open to direct or collateral attack in its own right because the defendant failed to

7  pursue those remedies while they were available (or because the defendant did so

8  unsuccessfully), the conviction may be regarded as conclusively valid. If that

9  conviction is later used to enhance a criminal sentence, the defendant generally may

10 not challenge the enhanced sentence through a petition under § 2254 on the ground

11 that the prior conviction was unconstitutionally obtained." Lackawanna County

12 Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001) (citation omitted); see also

13 United States v. Martinez-Martinez, 295 F.3d 1041, 1043-44 (9th Cir. 2002) (bar

14 against collateral attacks on prior convictions also applies where sentencing court

15 declined to reduce sentence based on circumstances of prior conviction).

16 Accordingly, all the claims stated above are DISMISSED with prejudice.

17       In the interest of justice, petitioner shall be given an opportunity to file an

18 amended petition to attempt to state cognizable claims challenging the lawfulness of

19 the state conviction for which he is currently incarcerated.

20

21                          **CONCLUSION**

22       For the foregoing reasons,

23       1.      The petition is DISMISSED with leave to amend. Petitioner must,

24 within **thirty (30) days** of the date this order is filed, file an amended petition

25 challenging the lawfulness of the state conviction for which he is currently

26 incarcerated which he has presented to the state high court for a fair opportunity to

27 rule on the merits. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-

28 16 (1982). The amended petition must include the caption and civil case number

Order of Dismissal with Leave to Amend; Granting Leave to Proceed IFP
P:\PRO-SE\SJ.JW\HC.10\Walker01146_dwlta&ifp.wpd      3

used in this order, No. C 10-01146 JW (PR), and must include the words **AMENDED PETITION** on the first page.

**Failure to file a timely response in accordance with this order will result in the dismissal of this action without prejudice and without further notice to petitioner.**

2. All claims challenging the constitutionality of petitioner's 1991 prior conviction are DISMISSED with prejudice.

3. Petitioner's motion for leave to proceed in forma pauperis (Docket No. 4) is GRANTED. Docket No. 2 is DENIED as moot.

The Clerk shall include two copies of the court's form petition with a copy of this order to petitioner.

This order terminates Docket Nos. 2 and 4.

DATED: June 4, 2010

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY E WALKER,

        Petitioner,

  v.

JOHN MARSHALL, Warden,

        Respondent.
                                       /

Case Number: CV10-01146 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 6/10/2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeffrey E. Walker F-11343
California Men's Colony State Prison
Cell # 6157
P.O. Box 8101
San Luis Obispo, CA 93409-8101

Dated: 6/10/2010

                                              Richard W. Wieking, Clerk
                                        /s/ By: Elizabeth Garcia, Deputy Clerk